## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TAMARA D. GRANT**                    **CIVIL ACTION NO: 22-CV-66**

**VERSUS**                             **JUDGE DARREL JAMES PAPILLION**

**ADMINISTRATORS OF TULANE**          **MAGISTRATE JUDGE MICHAEL**
**EDUCATIONAL FUND, ET AL.**          **NORTH**

## ORDER

Before the Court is the Administrators of the Tulane Educational Fund and Lieutenant Granville Summers's ("Defendants") Motion for Leave to File Exhibits Under Seal (Record Document 25). Specifically, Defendants seek to file under seal eight exhibits attached to their pending Motion for Summary Judgment (Record Document 28).

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "And the public's right of access to judicial records is a fundamental element of the rule of law." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519 (2022) (quoting *Leopold v. United States (In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders)*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)) (internal quotations omitted). For this reason, there is a presumption against sealing documents and the party moving to seal "bears the burden to show that the interest in secrecy outweighs the presumption." *Shell Offshore, Inc. v. Eni Petroleum US, LLC*, No. 16-CV-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (internal quotations and citations omitted). As such, the Fifth Circuit has instructed that "a judge cannot seal public documents merely because a party asks to add them to the judicial record." *June Med. Servs.*, 22 F.4th at 520. Instead, "the court must undertake a . . . line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (quoting *Binh Hoa Le*, 990 F.3d at 419 (internal quotations

omitted).   The Fifth Circuit has also cautioned that the fact "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record."   *Id.* at 521.   Additionally, this Court's Local Rules require that a request to seal a document must be accompanied by:

> (1) A non-confidential description of what is to be sealed (e.g., medical records);
> (2) A statement as to why sealing is necessary;
> (3) Reference to governing case law; and
> (4) A statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon sealing.

L.R. 5.6(B).   However, Defendants' motion does not comply with Local Rule 5.6 and does not provide the support needed to overcome the presumption against sealing the documents.

Accordingly, **IT IS ORDERED** that Defendants' Motion for Leave to File Exhibits Under Seal is **DENIED WITHOUT PREJUDICE** to the right to be reurged with appropriate support.

New Orleans, Louisiana, this 27th day of June, 2023.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**